IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Faheem Raza Naqvi; and <br> All Others Similarly Situated <br>    Plaintiffs, <br><br> v. <br><br> Zulfikar Vanazara; Deedar Noor Ali; <br> Navroz Qasim Ali; and Sharif Rahim Ali <br>    Defendants. | Civil Action <br> File No. 4:19-cv- <br><br> Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COME PLAINTIFFS, Faheem Raza Naqvi ("Mr. Naqvi" or "Plaintiff"), and all others similarly situated, and complain of Defendants Zulfikar Vanazara, Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

**I.**
**INTRODUCTION AND SUMMARY OF SUIT**

1. Plaintiff Faheem Raza Naqvi and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from Defendants Zulfikar Vanazara, Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali, and their gas station and convenience store businesses.

2. Zulfikar Vanazara, Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali together own, operate and control several gasoline stations / convenience stores.

3. In violation of the FLSA, Defendants failed to pay Mr. Naqvi and Members of the Plaintiff Class overtime wages. Mr. Naqvi and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4. The Defendants have a uniform enterprise-wide policy of not paying their employees' overtime wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Naqvi and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Faheem Raza Naqvi**, is a resident of Harris County, Texas. Plaintiff was an employee who worked at Defendants' gas station / convenience store as a clerk.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more business establishments (i.e., gas stations and/or convenience stores) owned, operated and/or controlled by one or more Defendants during the relevant period.

10. Defendant, **Zulfikar Vanazara,** is an individual who may be served with summons and complaint at his residence at 10350 Lands End Drive, Apartment 3208, Houston, Texas 77099, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant resides, and is engaged in business, in the State of Texas.

11. Defendant, **Deedar Noor Ali,** is an individual who may be served with summons and complaint at his residence at 17611 Quarrywood Drive, Richmond, Texas 77407, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the

interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant resides, and is engaged in business, in the State of Texas.

12. Defendant, **Navroz Qasim Ali,** is an individual who may be served with summons and complaint at his place of business at 909 Terscott Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant resides, and is engaged in business, in the State of Texas.

13. Whenever this complaint alleges that the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

14. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

15. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

16. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

17. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

18. The Defendants and the gas stations / convenience stores they control are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

19. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

21. At all material times, Plaintiff and each Member of the Plaintiff Class was an individual employee who was engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

22. Mr. Naqvi seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

23. Further, when a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

24. As such, class certification is appropriate for all gas station / convenience store clerks of the Defendants, in that the Defendants controlled and operated the gas station and convenience store businesses where Members of the Plaintiff Class (including Mr. Naqvi) were employed during the relevant period.

25. Plaintiff seeks notice to issue to all non-exempt employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

26. Plaintiff worked overtime hours for which he received straight-time pay.

27. Defendants' wide-spread policy and practice violated the FLSA because it allows the Defendants not to pay their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

28. By failing to document the overtime pay owed to Plaintiff and to Members of the Plaintiff Class, the Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

29. During the class period, the Defendants owned, controlled and operated the aforementioned businesses, and they set this pay policy shared by all such businesses.

30. The common policy of paying straight-time wages for overtime hours worked by employees is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

31. Members of the Plaintiff Class (including Mr. Naqvi) have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

32. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus

binding them together as a class.

33. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

34. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

35. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

36. Thus, the class Mr. Naqvi seeks to represent is comprised of <u>all store clerks (a) who were paid at a straight-time rate for hours worked in excess of forty in any workweek during the relevant period and (b) who worked or currently work at any gasoline station and/or convenience store owned individually or jointly and/or managed now or in the past by Defendants Zulfikar Vanazara, Deedar Noor Ali, Navroz Qasim Ali and / or Sharif Rahim Ali, or by any legal entity in which one or more Defendant has an ownership interest</u>.

37. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

38. Defendants employed Mr. Naqvi as a store clerk at their gasoline station and convenience store from February 2013 until August 15, 2018.

39. During his employment, Mr. Naqvi worked overtime hours.

6

40. At the time Mr. Naqvi was hired, he was informed that his pay rate would be $11.00 per hour, and that Plaintiff would not receive any overtime pay.

41. Mr. Naqvi in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages.

42. Mr. Naqvi performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

43. As determined by the Defendants at the outset of Mr. Naqvi's employment, he received no overtime wages despite working well in excess of 40 hours a week.

44. Similarly, all Members of the Plaintiff Class that seek to be a part of this collective action received no overtime wages because Defendants have a wide-spread policy of paying straight-time wages for overtime worked.

45. The Defendants together controlled Mr. Naqvi's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages), Mr. Naqvi's hourly pay rate, and the number of hours Mr. Naqvi worked during each workweek.

46. The Defendants own(ed), control(led) and / or operate(d) the businesses where Mr. Naqvi and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of such businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of the FLSA –
Failure to pay overtime wages to Plaintiff and all others similarly situated</u>

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

49. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

50. During their employment with the Defendants, Plaintiff Naqvi and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer.

51. Plaintiff and Members of the Plaintiff Class were informed that no overtime would be paid despite being required to work overtime hours on a weekly basis.

52. Plaintiff and Members of the Plaintiff Class received no overtime wages resulting from Defendants' policy of paying straight-time for overtime hours worked.

53. Because Defendants have a wide-spread policy and practice of not paying employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

54. As such, Plaintiff and Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

55. Plaintiff and Members of the Plaintiff Class also seek liquidated damages in amounts equaling the unpaid overtime wages.

56. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

57. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
## JURY DEMAND

58. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Faheem Raza Naqvi and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief by entering Final Judgment against Defendants Zulfikar Vanazara, Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali, jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime pay;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay unpaid overtime wages and liquidated damages to Plaintiff and to Members of the Plaintiff Class;

e. Order Defendants to pay reasonable attorney's fees and costs as allowed by the FLSA, specifically 29 U.S.C. §216(b);

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff and Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
    **Salar Ali Ahmed**
    Federal Id. No. 32323
    State Bar No. 24000342
    One Arena Place
    7322 Southwest Frwy., Suite 1920
    Houston, Texas 77074
    Telephone: (713) 223-1300
    Facsimile: (713) 255-0013
    Email: aahmedlaw@gmail.com

**Attorney for Plaintiff Faheem Raza Naqvi and Members of the Plaintiff Class**