United States District Court
Southern District of Texas
**ENTERED**
August 14, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAHEEM RAZA NAQVI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1151 |
| | § | |
| ZULFIKAR VANAZARA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss and Motion to Strike Defendants' Affirmative Defenses (Doc. No. 11). Defendants have not filed a response, and the time to do so has passed.[1]

Plaintiff Faheem Raza Naqvi (hereinafter "Plaintiff") filed a Second Amended Complaint on April 30, 2019, alleging that he is entitled to compensation from Defendants for their various violations of the Fair Labor Standards Act ("FLSA"). (Doc. No. 8). Plaintiff argues that in their answer, Defendants Deedar Noor Ali, Navroz Qasim Ali, and Sharif Rahim Ali (hereinafter "Defendants") merely listed "boilerplate . . . affirmative defenses." (Doc. No. 11 at 5). Indeed, Defendants assert "good faith reliance" (Doc. No. 10 at 9–10, ¶¶ 3, 6, 7) and "common law" defenses (Doc. No. 10 at 10, ¶¶ 8, 9). Plaintiff further contends that this "list" fails to put him on notice and moves to dismiss the defenses under FED. R. CIV. P. 12(b)(6) or to strike the defenses under FED. R. CIV. P. 12(f).

---

[1] Rule 7.D states in relevant part: Counsel must respond to an opposed motion within 21 days from the date the motion is filed with the Clerk's Office, unless ordered differently by the Court. . . . If the reply is not presented in a timely manner, it will not be considered by the Court unless the Court grants a motion for leave to file the reply late. Failure to file a timely response shall be taken as an indication that the opposing party agrees to the motion and the relief requested.

## I. Standards

A movant may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the nonmovant. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Federal Rule of Civil Procedure 12(f) states that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

## II. Analysis

Plaintiff points out that "District Courts in this Circuit are split as to whether the 'fair notice' pleading standard applies to affirmative defenses, or if that 'fair notice' standard was replaced with the heightened 'plausibility' standard of *Twombly* and *Iqbal*." (Doc. No. 11 at 4). That having been said, a number of cases have concluded that, with affirmative defenses like waiver, release and unclean hands, the simple listing of estoppel "falls well short of the minimum particulars needed to identify the affirmative defense in question." *Trevino v. RDL Energy. Servs., L.P.*, Civ. A. H-14-1936, 2017 WL 1167160, at *4 (S.D. Tex. Mar. 29, 2017) (citing numerous cases and reaffirming its dismissal of Defendants' barebones laches and estoppel defenses). Since Defendants answer merely states "8. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver, and estoppel" and Defendants fail to describe any facts indicating why these broad defenses are applicable here, the Court dismisses these affirmative defenses.

Defendants have also pleaded "good faith reliance" as an affirmative defense. The defense is relevant to the eventual issue of damages: If a factfinder finds an employer liable under the FLSA, the act permits a district court to award less than the full amount of liquidated damages only if the district court finds that the employer acted reasonably and in good faith. *See* 29 U.S.C. § 260. Applying the fair notice standard, courts have found that even though defendants fail to provide specific facts supporting their assertion of "good faith," courts find such minimal "allegations "barely scrape[ ] over the fair notice stand" in notifying the plaintiff of the nature of the defense and avoiding unfair surprise. *Trevino*, 2017 WL 1167160, at *5 (S.D. Tex. Mar. 29, 2017) (citing *Rodriguez v. Physician Lab Servs., LLC*, No. 13-cv-622, 2014 WL 847126, at *3 (S.D. Tex. Mar. 4, 2014); *Dyson v. Stuart Petroleum Testers*, Inc., No. 01-15-CV-282 RP, 2015

WL 4935527, at *4 (W.D. Tex. Aug. 18, 2015); *Floridia v. DLT 3 Girls, Inc.*, No. 3:11-CV-3624, 2012 WL 1565533, at *3 (S.D. Tex. May 2, 2012) (holding defense asserting that "plaintiff was an exempt administrative and/or executive employee under Section 13(a)(1) of the FLSA" sufficient to give plaintiff notice); *Franks v. Tyhan, Inc.*, Civ. A. H-15-191, 2016 WL 1531752, at *3 (S.D. Tex. Apr. 15, 2016)). As such, the Court denies Plaintiff's Motion to dismiss or strike these defenses.

### III. Conclusion

As of August 6, 2019, there were three pending Motions to Dismiss or Strike various paragraphs of Defendants' answers. That same day, the parties entered their joint discovery and case management plan. (Doc. No. 16). Given the early stages of this case and the parties' propensity for filing motions and amended complaints/answers without first seeking leave, the Court will not entertain anymore piecemeal motions of this type. The Court expects Defendants to voluntarily drop any unsupported defenses long before Court intervention becomes necessary and certainly before this Court considers the trial of this matter (and expects the same of Plaintiff should the Plaintiff find that he made unsupported allegations). The Court will consider Plaintiff's issues with Defendants' remaining defenses if and when raised by a properly filed Rule 56 motion. Nevertheless, Plaintiff's Motion to Dismiss and Strike is granted as to Defendants' "common law" defenses and they are hereby dismissed without prejudice. Plaintiff's Motion is denied as to Defendants' "good faith reliance" defense.

Signed at Houston, Texas this 14 day of August, 2019.

Andrew S. Hanen
United States District Judge