IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Faheem Raza Naqvi; and <br> All Others Similarly Situated <br>     Plaintiffs, <br> v. <br> Deedar Noor Ali; Navroz Qasim Ali; <br> Sharif Rahim Ali; LF Business LLC; Ayraa <br> Business, LLC; and Bellfort6920, LLC <br>     Defendants. | Civil Action <br> File No. 4:19-cv-01151 <br><br> Jury Demanded |

## PLAINTIFF FAHEEM RAZA NAQVI'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE FRANCES H. STACY:

Pursuant to Fed. R. Civ. P. Rules 55(b)(2) and 15(a)(3), Plaintiff Faheem Raza Naqvi ("Mr. Naqvi" or "Plaintiff") files his motion for default judgment against Defendants Deedar Noor Ali, Navroz Qasim Ali, Sharif Rahim Ali, LF Business LLC, Ayraa Business, LLC and Bellfort6920, LLC. Plaintiff would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.    On February 18, 2020, with leave of Court, Plaintiff Faheem Raza Naqvi filed his Third Amended Original Complaint in this civil action to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").[1]

2.    When Plaintiff's Third Amended Original Complaint was filed, Defendants Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali (the "Original Defendants") were represented by their counsel of record, Mr. William F. Harmeyer.[2]

---

[1] See Dkt. #35, Plaintiff's Third Amended Original Complaint.

[2] See Dkt. No. 9, Defendants' Deedar Noor Ali; Navroz Qasim Ali; and Sharif Rahim Ali Answer to Plaintiffs' Second Amended Original Class Complaint filed on behalf of these Defendants by their counsel of record, Mr. William F. Harmeyer.

3. Mr. Harmeyer also agreed to represent and accept service on behalf of Defendants LF Business LLC, Ayraa Business, LLC and Bellfort6920, LLC (the "New Defendants"), who were added to this civil action on February 18, 2020, with the filing of Plaintiff's Third Amended Original Complaint.[3]  Instead of the standard 14 days to file an answer to an amended pleading in accordance with Fed. R. Civ. P. 15(a)(3), the parties agreed that the New Defendants' answers would be due on March 10, 2020 (i.e., twenty-one (21) days after February 18, 2020). *Id.*

4. Fed. R. Civ. P. 15(a)(3) requires as follows: "Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

5. As such, the Original Defendants' answers to Plaintiff's Third Amended Original Complaint were due by March 3, 2020.  And, as stated, the New Defendants' answers to Plaintiff's Third Amended Original Complaint were due on March 10, 2020.

6. As of May 18, 2020, the filing date of Mr. Naqvi's motion for default judgment, none of the Defendants have filed their answers to Plaintiff's Third Amended Original Complaint as Fed. R. Civ. P. Rules 55(a) and 15(a)(3) require.

7. Mr. Naqvi therefore seeks, pursuant to Fed. R. Civ. P. 55(b)(2), a final judgment by default against Defendants Deedar Noor Ali, Navroz Qasim Ali, Sharif Rahim Ali, LF Business LLC, Ayraa Business, LLC and Bellfort6920, LLC.[4]

---

[3] See attached **Exhibit – A**, Plaintiff's counsel's sworn declaration and the email correspondence between Plaintiff's and Defendants' counsel of record, indicating Mr. Harmeyer's agreement to represent and accept service on behalf of Defendants LF Business LLC, Ayraa Business, LLC and Bellfort6920, LLC.

[4] Plaintiff has also filed, separately, his Request for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) with the Clerk of Court (Dkt. #36).

# II.
## LEGAL STANDARD

8. A defendant suffers default by failing to timely file an answer to an amended complaint (i.e., the 'live pleading'). The Fifth Circuit has long held that an amended complaint supersedes the original complaint. *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) ("[A]n amended complaint supersedes [an] original complaint and renders it [the original complaint] of no legal effect . . . ."); *Reilich v. Green Energy Res.*, 297 F.R.D. 277, 283 (W.D. Tex. 2014); *Rossignol v. Tillman*, No. 10-3044, 2011 WL 1190317, at *2 (E.D. La. Mar. 25, 2011); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (Fifth Circuit jurisprudence consistently holds that an amended complaint supersedes an original complaint). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). *See also, Busby v. Vacation Resorts Int'l*, CIVIL ACTION No. H-18-4570, at *1 (S.D. Tex. Apr. 9, 2019) (Same). Here, on February 18, 2020, Plaintiff's Third Amended Original Complaint (Dkt. #35) superseded Plaintiff's Second Amended Original Complaint (Dkt. #8).

9. Requiring a timely answer to an amended complaint, Fed. R. Civ. P. 15(a)(3) states: "Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). The consequence of failing to file an answer to the amended pleading pursuant to Fed. R. Civ. P. 15(a)(3) is a default under Fed. R. Civ. P. 55. And, a defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992); *Brother of the Leaf L.L.C. v. Aub*, SA-17-CV-00714-DAE, at *3-4 (W.D. Tex. Sep. 28, 2018).

10. "Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law. *See Trans World Airlines, Inc. v. Hughes*, S.D.N.Y., 38 F.R.D. 499, 501, aff'd 2 Cir., 449 F.2d 51, rev'd on other grounds 405 U.S. 915, 92 S.Ct. 960, 30 L.Ed.2d 785. The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. *Ohio Central Railroad Company v. Central Trust Company of New York*, 1889, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561; *Thomson v. Wooster*, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105; *Trans World Airlines, Inc. v. Hughes*, 2 Cir. 1971, 449 F.2d 51, 63-64, rev'd on other grounds, 1973, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed 577. A default judgment is unassailable on the merits but only so far as it is supported by *well-pleaded* allegations, assumed to be true. *Thomson v. Wooster*, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105." *Nishimatsu Constr. Co., v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

11. Following these rulings, courts in the Southern District of Texas have consistently held that an amended complaint requires a timely answer, and failure to file the answer results in default based upon acceptance of all well-pleaded facts in the amended complaint. For instance, in *Malibu Media, LLC v. Escobar*, the Court held that: "[g]iven Escobar's [defendant's] failure to answer the amended complaint in a timely manner, the court has the authority to: (1) accept all well-pleaded facts in Malibu Media's [plaintiff's] amended complaint as true, (2) enter default judgment against Escobar, and (3) award the relief sought by Malibu Media in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by *well-pleaded* allegations, assumed to be true.")." *Malibu Media, LLC v. Escobar*, CIVIL ACTION H-18-1042, at *4 (S.D. Tex. Feb. 28, 2019) (Hon. Judge Gray H. Miller).

12. Similarly, in *Fitzgerald v. Harris Cnty. Sheriffs Office,* the Court held that: **"**[a] defaulting party is deemed to have admitted all well-pleaded allegations of the complaint pertaining to liability." *Posos v. Ramos*, --- F. Supp.2d ----, 2011 WL 13180219 (W.D. Tex. Jun. 15, 2011). Rule 55 provides a two-step process for entering default judgments. First, default is entered when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a). Second, after default is entered, a default judgment may be entered under Rule 55(b). If damages sought against a defendant are not ascertainable from documentary evidence or affidavits, the Court may hold a hearing to determine the amount of damages. *See United Healthcare Ins. Co. v. Holley*, No. 17-40354, 2018 WL 775291, at *3 (5th Cir. Feb. 7, 2018) (citing FED R. CIV. P. 55(b)(2))." *Fitzgerald v. Harris Cnty. Sheriffs Office*, CIVIL ACTION No. H-15-1330, at *5 (S.D. Tex. May 1, 2018) (Hon. Judge Melinda Harmon)

### III.
### REQUEST FOR ENTRY OF DEFAULT JUDGMENT

PLAINTIFF'S DAMAGES ARE SUPPORTED BY DEEMED ADMISSIONS IN PLAINTIFF'S THIRD AMENDED COMPLAINT, AND BY PLAINTIFF'S ATTACHED SWORN DECLARATION

*Pertinent Deemed Admissions*
*in Plaintiff's Third Amended Original Complaint*

13. The following deemed admissions support default judgment:

   a. "With the exception of any documented days he took off from work, Defendants employed Mr. Naqvi as a store clerk at their Gas Station from February 2013 to August 15, 2018."[5]

   b. "During his employment, Mr. Naqvi worked overtime hours." *Id.,* at ¶45.[6]

   c. "Mr. Naqvi in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages." *Id*., at ¶47.

---

[5] See Dkt. #35, Plaintiff's Third Amended Original Complaint, ¶44.

[6] Also see **Exhibit – B**, Plaintiff's sworn declaration, providing detail of his unpaid overtime hours worked and damages sought.

5

d. "Mr. Naqvi performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises." *Id*., at ¶49.

e. "Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali together own, operate and control several Gas Stations, including the Gas Stations owned / controlled by LF Business LLC; Ayraa Business, LLC; and, Bellfort6920, LLC." *Id*., at ¶3.

f. "For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment." *Id*., at ¶20.

g. "At all material times, each Defendant was an "employer". 29 U.S.C. §203(d)." *Id*., at ¶21.

h. "At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e)." *Id*., at ¶22.

i. "At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A)." *Id*., at ¶23.

j. "At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1)." *Id*., at ¶25.

k. "Further, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard." *Id*., at ¶26.

l. "At all material times, Plaintiff and each Member of the Plaintiff Class was an individual employee who was engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207." *Id*., at ¶27.

m. "Because Defendants have a wide-spread policy and practice of not paying employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*." *Id*., at ¶58.

*Plaintiff Seeks Unpaid Wages*

14. The FLSA requires covered employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 during each workweek (29 U.S.C. §207), and to pay wage rates no less than the federally mandated minimum wage (29 U.S.C. §206). Specifically, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an

enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he is employed. 29 U.S.C. §207(a)(1).

15. Defendants Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali together own, operate and control several gasoline stations and convenience stores in Houston, Texas, including the gasoline stations and convenience stores owned / controlled by Defendants LF Business LLC; Ayraa Business, LLC; and, Bellfort6920, LLC.[7]

16. With exception of the month of December 2016, when Mr. Naqvi took time off from work, Defendants employed Mr. Naqvi from February 2013 to August 15, 2018, as a store clerk at their Shell branded gasoline station and convenience store located at 6920 Bellfort Street, Houston, Texas 77087 (the "Shell"). *Id.*, at ¶4.

17. As a clerk, Mr. Naqvi's work duties at the Shell included operating the cash register, assisting in-state and out-of-state customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises. *Id.*, at ¶5. With the exception of December 2016, Plaintiff worked an average of 70 hours a week during each workweek of the statute of limitations period (i.e., 3/28/16 – 8/15/18). *Id.* Defendants agreed to pay Mr. Naqvi $3,000.00 per month. *Id.*, at ¶6. Defendant Deedar Ali even verified Mr. Naqvi's monthly earnings of $3,000.00 for immigration purposes. *Id.* Mr. Naqvi, however received far less than the agreed upon $3,000.00 a month from the Defendants. *Id.*

18. In sum, although Defendants owed Mr. Naqvi $176,482.13 for straight-time and overtime wages based on his $3,000.00 a month salary for the period beginning 3/28/16 and ending 8/15/18, Mr. Naqvi received only $39,092.68 in total wages during this period (i.e., $700.00 bi-

---

[7] **Exhibit – B**, Plaintiff Faheem Raza Naqvi's Sworn Declaration, ¶3.

7

monthly). *Id.*, at ¶7.  Mr. Naqvi thus seeks $176,482.13 in unpaid wages and an additional $176,482.13 for liquidated damages (less $39,092.68 in wages he received from Defendants). *Id.*

19. In support, Mr. Naqvi attaches to his sworn declaration a calculation of his unpaid wages and liquidated damages. *Id.*

*Plaintiff Seeks Liquidated Damages*

20. In addition to the unpaid wages of $176,482.13, Mr. Naqvi seeks an equal amount in liquidated damages as allowed under the FLSA. *Id.* Employees routinely seek, and receive, liquidated damages in an amount equaling their unpaid wages on their FLSA claims.

*Controlling Law on Liquidated Damages*

21. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis supplied).

22. The Fifth Circuit has long recognized that 29 U.S.C. § 260 vests in the district court the power to determine and award liquidated damages. *Lee v. Coahoma County*, 937 F.2d 220, 226-227 (5th Cir. 1991), quoting *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987). Section 216(b) of the FLSA provides that employers found liable for back pay in a §216 suit "shall be liable ... in an additional equal amount as liquidated damages." This language mandates the award of liquidated damages in an amount equal to actual damages following a determination of liability for back pay in a §216 action. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 711, 65 S.Ct. 895, 904, 89 L.Ed. 1296 (1945); *Lorillard, Div. of Loew's Theatres, Inc. v. Pon*s, 434 U.S. 575, 581 n. 8, 98 S.Ct. 866, 870 n. 8, 55 L.Ed.2d 40 (1978); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 (5th Cir.1990); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988).

23. In order to avoid the imposition of liquidated damages, an employer must demonstrate to the Court both good faith and reasonable grounds for believing that it was not violating the Act. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986). "Moreover, this Court has stated plainly that an employer cannot satisfy its dual burden under §260 solely by suggesting that lower-level employees are responsible for the violations, *Brennan v. General Motors Acceptance Corporation*, 482 F.2d 825, 827-28 (5th Cir. 1973), or by professing ignorance of the requirements of the Act. *Barcellona v. Tiffany English Pub Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979). Thus, Chrysler's attempt to thwart liability based on its asserted ignorance of the plaintiff-employees' abuses is legally unavailing." *Id.*, at 1263. The dual and specific findings of good faith and reasonable grounds have been interpreted strictly by the Fifth Circuit. *Id.*, at 1262-63; *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 466-67 (5th Cir. 1979).

24. Furthermore, an employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate" the FLSA. *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003). "An employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1421 (5th Cir. 1990). *See also LeCompte*, 780 F.2d at 1263 (5th Cir.1986) ("To be relieved of liability for liquidated damages, an employer must demonstrate both good faith and reasonable grounds for believing that it was not violating the Act."); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979) (to avoid payment of liquidated damages, employer has "substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds" [emphasis supplied]); *see also*, 29 C.F.R. 790.22(b).

25. Although a district court has discretion to review the amount of liquidated damages to be awarded, the court may not exercise its discretionary authority to reduce or eliminate a

9

liquidated damages award unless the employer first sustains the "substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds." *Mireles*, 899 F.2d at 1415, quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979) (emphasis in original); 29 C.F.R. §§ 790.15 and 790.22(c).

26. Indeed, the District Court Judges in the Southern District of Texas have consistently ruled in favor of awarding plaintiffs liquidated damages in FLSA cases. "Doubling an award is the norm under the FLSA, and the court's discretion 'must be exercised consistently with the strong presumption under the statute in favor of doubling.' *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). 'A district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon reasonable grounds.' *Reich v. Tiller Helicopter Servs., Inc.* 8 F.3d 1018, 1031 (5th Cir. 1993) (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990))." *Fleming v. Momenta Grp. LLC*, Civil Action No. H-15-00075, 2016 U.S. Dist. LEXIS 182355, at *3 (S.D. Tex. 2016) (Hon. David Hittner).

27. "On appeal, the Fifth Circuit will only reverse the district court's finding of good faith if that finding is clearly erroneous. *Nero*, 167 F.3d at 928. If it finds that the employer satisfied its burden, the appellate court would then decide if the district court abused its discretion in declining to reduce the damages award. *Id*. Even if the district court finds that the employer acted in good faith and reasonably, the district court still has the discretion to award liquidated damages in any sum up to the amount allowed by § 216(b). *Id*., citing *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 n.8 (5th Cir. 1990). The Fifth Circuit, along with other Courts of Appeals, has emphasized, "Doubling of an award is the norm . . . because a plaintiff is awarded liquidated

damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'" *Id*., quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd*., 152 F.3d 729, 733 (7th Cir. 1998), and *Bernard v. IBP, Inc. of Neb*., 154 F.3d 259, 267 (5th Cir. 1998) ("stating in FLSA case that even if BP acted in good faith, '[g]iven BP's violation of the FLSA, we conclude that the district court did not err in exercising its discretion to award liquidated damages.'"). In accord, *Firth*, 2006 U.S. Dist. LEXIS 18807, 2006 WL 846377, at *1 ("A strong presumption exists in favor of liquidated damages, which effectively results in a doubling of any award of lost wages."); *Thom v. American Standard, Inc*., 666 F.3d 968, 973 (6th Cir. 2012) ("There is a strong presumption in favor of awarded liquidated damages that are double the amount of any compensatory damages. Thus, '[a]lthough in the final analysis we review a district court's decision on liquidated damages for abuse of discretion, that discretion must be exercised consistently with the strong presumption under the statute in favor of doubling.'") (emphasis in the original) (citation omitted); *Hite v. Vermeer Mfg. Co*., 446 F.3d 858, (8th Cir. 2006) ("The district court should exercise its discretion 'consistently with the strong presumption under the statute in favor of doubling.'"), quoting *Shea v. Galaxie*, 152 F.3d at 733 (7th Cir.).**"** *Carroll v. Sanderson Farms, Inc*., No. H-10-3108, 2014 U.S. Dist. LEXIS 16890, at *6-8 (S.D. Tex. 2014) (Hon. Melinda Harmon).

28.   "'Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost.' *Nero v. Indus. Molding Corp*., 167 F.3d 921, 929 (5th Cir. 1999). There is a strong presumption under the statute in favor of doubling. *Id*. (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd*., 152 F.3d 729, 733 (7th Cir. 1998) (discussing FLSA liquidated damages provision)." *Alexander v. Servisair, LLC*, No. H-12-817, 2013 U.S. Dist. LEXIS 194483, at *19 (S.D. Tex. 2013) (Hon. Vanessa Gilmore).

11

29. **"The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 823; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption . . . in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm . . . ." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).** *Riddle v. Tex-Fin, Inc.*, No. H-08-3121, 2011 U.S. Dist. LEXIS 29863, at *10-11 (S.D. Tex. 2011) (Hon. Lee Rosenthal).

30. Here, Mr. Naqvi received no overtime wages for the 30 hours of overtime hours he worked each week. Further, because the Defendants are now in default, they are foreclosed from attempting to prove good faith, Plaintiff's unanswered allegations of Defendants' willful violations of the FLSA are admitted as true, and Plaintiff is thus entitled to an award of liquidated damages.

*Liquidated Damages are determined by the Court*

31. The question of liquidated damages is appropriate for summary adjudication because it is within the Honorable Court's province as a question of law. In view of the express statutory language included in 29 U.S.C. § 260, it has been held, consistently, that the statute only provides for the award of liquidated damages "by the court." *McClanahan v. Mathews, 440 F.2d 320* (CA6 Ky 1971) (award of liquidated damages is left to the sound discretion of the court, not

the jury); *Hannon v. Continental Nat. Bank*, 427 F.Supp. 215 (DC Col. 1977) (no right to jury trial on issue of liquidated damages).

32. Similarly, the U.S. Court of Appeals for the Fifth Circuit has held that 29 U.S.C. §260 vests the district court with two levels of discretion relating to a determination of liquidated damages. *Lee v. Coahoma County*, 937 F.2d 220, 226-227 (5th Cir. 1991), quoting *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987). If the district court finds that the employer's action that violated the FLSA was taken in good faith, which good faith was supported by reasonable grounds for believing that the actions complied with the FLSA, it may choose not to award liquidated damages. *Id*. However, even if the district court determines that the employer's actions were in good faith and based on reasonable grounds, the court has discretion to award liquidated damages. *Id*. The dual and specific findings of *good faith* and *reasonable grounds* have been interpreted strictly by the Fifth Circuit. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262-63 (5th Cir. 1986); *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 466-67 (5th Cir. 1979).

33. Again, because of Defendants' failure to answer Plaintiff's claims of Defendants' willful violations of the FLSA as asserted in Plaintiff's third amended complaint (i.e., the 'live pleading'), Plaintiff is entitled to, and respectfully seeks, an award of liquidated damages under the FLSA. Mr. Naqvi seeks $176,482.13 in liquidated damages, an amount equal to his unpaid wages discussed above.

### *Credit for Wages Already Received*

34. Defendants paid Mr. Naqvi $700.00 on a bi-monthly basis instead of the promised $3,000.00 a month.[8] As indicated in his Sworn Declaration, Mr. Naqvi was paid a total of $39,092.68 during the relevant period of 3/28/16 through 8/15/18. *Id.* As such, this amount is credited against the Defendants' damages. *Id.*

---

[8] **Exhibit – B**, Plaintiff Faheem Raza Naqvi's Sworn Declaration, ¶7.

*Plaintiff Seeks Attorney's Fees*

35. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the Fifth Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

36. Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See*, *Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)), the Fifth Circuit uses the lodestar method to calculate an attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

37. Plaintiff's counsel will supplement his sworn declaration (Exhibit – A), testifying to the amount of time expended prosecuting Mr. Naqvi's case, his reasonable billing rate of $500.00 per hour, and the total amount of attorney's fees incurred to-date. Plaintiff seeks these attorney's fees in addition to the amounts he seeks for unpaid wages and liquidated damages.

*Plaintiff Seeks Costs of Litigation*

38. Plaintiff also seeks costs of litigation as allowed by 29 U.S.C. § 216(b). Plaintiff's counsel will supplement his sworn declaration (Exhibit – A), detailing the costs incurred in this civil action on Mr. Naqvi's behalf.

*Plaintiff Seeks Post-Judgment Interest*

39. Plaintiff seeks post-judgment interest at the prevailing interest rate for federal judgments based on U.S. Treasury securities at 1-year constant maturity. 28 U.S.C. §1961, 40 U.S.C. §258(e)(1). At the time of filing this motion, the post-judgment interest rate was 0.15% per annum (See, https://www.txs.uscourts.gov/page/post-judgment-interest-rates).

# III.
## MILITARY STATUS OF EACH INDIVIDUAL DEFENDANT

40. Plaintiff attaches the Sworn Declaration of Salar Ali Ahmed Regarding Military Service status of Defendants Deedar Noor Ali, Navroz Qasim Ali and Sharif Rahim Ali.[9] None of these Defendants are in the military, or on active duty in the military. *Id.*

# IV.
## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Faheem Raza Naqvi respectfully seeks the Honorable Court to grant his motion for default judgment and enter final judgment in Plaintiff's favor against Defendants Deedar Noor Ali, Navroz Qasim Ali, Sharif Rahim Ali, LF Business LLC, Ayraa Business, LLC and Bellfort6920, LLC, jointly and severally.

Plaintiff attaches a proposed Order granting this motion.

Further, Plaintiff will supplement his counsel's sworn declaration as to attorney's fees and costs (Exhibit – A), as well as a proposed Final Judgment.

Respectfully submitted,

ALI S. AHMED, P.C.

By: */s/ Salar Ali Ahmed*
Salar Ali Ahmed
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

ATTORNEY FOR PLAINTIFF
FAHEEM RAZA NAQVI

---

[9] **Exhibit – C**, Sworn Declaration of Salar Ali Ahmed Regarding Military Service Status of the Individual Defendants.

## Certificate Of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all parties via their respective counsel on May 18, 2020, via the ECF system of the District Court for the Southern District of Texas – Houston Division.

*/s/ Salar Ali Ahmed*
Salar Ali Ahmed